■ LYNNE MASTERSON, Respondent, v BRUCE G. CLARK et al., Appellants. [663 NYS2d 210] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered June 24, 1996, setting aside the jury verdict finding that there would not have been a settlement of plaintiff's action against New York Hospital during the course of the trial therein and directing a new trial on the issue of loss of settlement opportunity unless, within 30 days,

the parties stipulated to a verdict in plaintiff's favor in the sum of $75,000, unanimously reversed, on the law, without costs or disbursements, and the jury verdict reinstated. Plaintiff's motion to strike defendant's brief and appendix denied.

In this legal malpractice action arising out of the adverse outcome of plaintiff's underlying medical malpractice lawsuit, in which she was represented by defendants, the IAS Court usurped the jury's fact-finding power in setting aside the jury's determination that plaintiff would not have settled the underlying matter during the course of the trial. To establish liability in a case of loss of settlement opportunity, a plaintiff is required to show damage from the attorney's omission. In this case, the alleged damage consists of the deprivation of a settlement opportunity, which can be established only if plaintiff would have accepted the offer. (*Rubenstein & Rubenstein v Papadakos*, 31 AD2d 615, *affd* 25 NY2d 751.) As the jury found, plaintiff failed to make that showing.

The record shows that plaintiff was aware of the shortcomings of her medical malpractice case and that an offer of $75,000 to settle was fair. Her former attorney had advised plaintiff that her case was questionable and that she should consider the $75,000 offer. She refused the offer then and again, later, after the case had been placed on the trial calendar. Plaintiff had also been advised that a conference Judge had found the $75,000 offer fair. She was kept informed at all stages of the proceedings and, despite warnings to the contrary, decided to allow the trial to proceed. Thus, the jury verdict finding that plaintiff would not have accepted a settlement finds ample support in the record.

The underlying medical malpractice case had been dismissed when, after jury selection, plaintiff unsuccessfully moved for leave to amend her bill of particulars so as to assert new theories of recovery and injury. At that point, defendant attorney agreed to a dismissal of the complaint. The order denying leave to amend was affirmed by this Court (181 AD2d 451). The verdict should be reinstated. Concur—Sullivan, J. P., Rosenberger, Nardelli and Mazzarelli, JJ.