■ NORMAN I. SAFERSTEIN et al., Respondents-Appellants, v JEFFREY I. KLEIN, Appellant-Respondent. [672 NYS2d 799] —In an action to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered December 11, 1997, as denied his motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment.

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

To recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a

member of the legal community (*see, Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511). In addition, the plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred damages as a direct result of the attorney's actions, and that the plaintiff would have been successful in the underlying action if the attorney had exercised due care (*see, Andrews Beverage Distrib. v Stern,* 215 AD2d 706). The plaintiffs have failed to show that had the defendant perfected their appeal in the underlying mortgage foreclosure action they would have been successful in that action.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.