■ SUFFOLK AVE. CAR WASH & LUBE, INC., et al., Appellants, v BRIAN J. OBERMAN, Respondent. [681 NYS2d 254] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 16, 1997, which, in an action for legal malpractice, denied plaintiffs' motion for summary judgment, unanimously affirmed, with costs.

Plaintiffs claim that defendant committed malpractice in failing to perfect an appeal from an order in the underlying action that denied their motion to vacate a default judgment, not for lack of a reasonable excuse for the failure to answer and a meritorious defense, but because plaintiffs refused to accept the underlying plaintiff's certified mail notice of inquest. Plaintiffs argue that, given the finding of a reasonable excuse and a meritorious defense, there is no issue that they would have prevailed on the appeal had defendant perfected it. We disagree because, given a record that does not include the papers on plaintiffs' underlying motion to vacate their default, it cannot be said that the finding of a reasonable excuse and meritorious defense was correct. Moreover, assuming such finding was correct, it is not clear whether the Second Department would have held that the denial of vacatur on the ground stated was an improper exercise of discretion, and, even assuming that the Second Department would have reversed and permitted plaintiffs to interpose an answer in the underlying action, it is not clear that plaintiffs would have ultimately prevailed therein (*see, Saferstein v Klein*, 250 AD2d 831). In the latter regard, it does not avail plaintiffs to assess their damages as the loss of their appeal bond, since the only reason they had to post the bond was their potential liability in the underlying action. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.