■ CLAUDE ASHTON et al., Respondents, v BEVERLY M. SCOTMAN, Appellant. [686 NYS2d 322] —In an action to recover damages for legal malpractice, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 27, 1998, as denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

To recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly exercised by an ordinary member of the legal community (see, Saferstein v Klein, 250 AD2d 831). In addition, the plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a direct result of the attorney's actions or inactions, and that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages (see, Saferstein v Klein, supra; Hoffman v Anolik, 250 AD2d 733; Platt v Portnoy, 220 AD2d 652; Andrews Beverage Distrib. v Stern, 215 AD2d 706; L.I.C. Commercial Corp. v Rosenthal, 202 AD2d 644). Here, the plaintiffs have failed to demonstrate that but for the defendant's alleged negligence, they would have recovered their down payment and not have sustained any damages. Accordingly, the court erred in denying the defendant's motion for summary judgment (see, Gillin v Patterson, Belknap, Webb & Tyler, 251 AD2d 211). Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.