■ EDMUND J. CANNISTRA et al., Respondents-Appellants, v O'CONNOR, McGUINNESS, CONTE, DOYLE, OLESON & COLLINS et al., Appellants-Respondents. [728 NYS2d 770] —In an action to

recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Fredman, J.), dated April 24, 2000, as, upon a jury verdict, and upon the denial of their post-trial motion pursuant to CPLR 4404 (a) for judgment in their favor as a matter of law, is in favor of the plaintiffs and against them in the principal sum of $900,000, and the plaintiffs cross-appeal from so much of the same judgment as awarded pre-judgment interest only from September 8, 1997.

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Edmund J. Cannistra, by his parents, retained the defendants as counsel following an automobile accident in Putnam County in which he was seriously injured. An action was commenced against the County of Putnam (hereinafter the County) alleging, *inter alia*, that roadway design and maintenance defects contributed to the happening of the accident. Following negotiations and motion practice, the County made a settlement offer of $1,200,000 via facsimile transmission on a Friday afternoon, October 18, 1991, and imposed an acceptance deadline of Monday, October 21, 1991, at 5:00 P.M. The deadline passed without acceptance of the offer. The plaintiffs had previously indicated to the defendants their desire for substantially more money than what was offered by the County. Subsequently, the action was dismissed insofar as asserted against the County (*see, Cannistra v Town of Putnam Val.,* 177 AD2d 536).

The plaintiffs commenced this action against the defendants alleging legal malpractice in connection with the missed deadline of the settlement offer. Following a jury trial, the defendants were found to have committed legal malpractice by failing to inform the plaintiffs of the deadline for acceptance of the settlement offer and, although the plaintiffs had not authorized the defendants to accept a $1,200,000 settlement of their claim against the County, the plaintiffs were awarded $900,000 in damages. We reverse.

To recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community (*see, Ashton v Scotman,* 260 AD2d 332; *Saferstein v Klein,* 250 AD2d 831). In addition, the

plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a direct result of the attorney's actions or inaction, and that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages (*see, Ashton v Scotman, supra; Saferstein v Klein, supra*). Here, the plaintiffs failed to demonstrate that, but for the defendants' alleged negligence, they would have accepted the County's settlement offer and not have sustained any damages. Accordingly, the Supreme Court erred in denying the defendants' motion for judgment in their favor as a matter of law.

In light of our determination on the appeal, the issue raised on the cross appeal has been rendered academic. Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.