■ MAGNACOUSTICS, INC., et al., Respondents, v OSTROLENK, FABER, GERB & SOFFEN, et al., Appellants. [755 NYS2d 726] —In an action to recover damages for breach of contract and legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered May 2, 2002, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is granted, and the complaint dismissed.

The plaintiffs retained the defendants to represent them in a patent infringement action related to the plaintiffs' patent for a nonmagnetic musical sound system that could be operated within close proximity of a magnetic resonance imaging system. Several months before the trial of the underlying action was scheduled to begin, the plaintiffs' adversary made an offer of settlement to the plaintiffs. The offer of settlement was never accepted and the case proceeded to trial. At the conclusion of trial, the jury found against the plaintiffs and a judgment was entered invalidating their patent. Thereafter, another attorney was substituted for the defendants as counsel for the plaintiffs. The underlying matter was ultimately settled.

The plaintiffs commenced the instant action against the defendants, alleging, inter alia, that the defendants committed

malpractice by failing to communicate to them the offer of settlement made by their adversary in the underlying action. The defendants subsequently moved, inter alia, for summary judgment seeking to dismiss the complaint. The Supreme Court denied that branch of the defendants' motion. We reverse.

To recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community (*see Ashton v Scotman,* 260 AD2d 332 [1999]; *Saferstein v Klein,* 250 AD2d 831 [1998]). In addition, the plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a direct result of the attorney's actions or inaction, and that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages (*see Ashton v Scotman, supra*; *Saferstein v Klein, supra*). Here, the plaintiffs failed to demonstrate that, but for the defendants' alleged negligence, they would have accepted the offer of settlement and would not have sustained any damages. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' malpractice claim based upon the defendants' alleged failure to disclose the offer of settlement (*see Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins,* 286 AD2d 314, 315-316 [2001]).

Further, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' remaining malpractice claims. Upon the defendants' prima facie showing that the plaintiffs failed to prove at least one of the three essential elements of a malpractice action (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]), the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In any event, these claims amounted to nothing more than the plaintiffs' dissatisfaction with the defendants' strategic choices, and thus, do not support a malpractice claim as a matter of law (*see Bernstein v Oppenheim & Co.,* 160 AD2d 428, 431 [1990]; *see also Iannacone v Weidman,* 273 AD2d 275 [2000]).

Finally, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' breach of contract claims as duplicative of their malpractice claims, as there was no evidence of any promise by the defendants to obtain a specific result (*see*

*Kaplan v Sachs,* 224 AD2d 666 [1996]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.