PAULETTE FERDINAND, Appellant, v CRECCA & BLAIR et al., Respondents. [774 NYS2d 714]—

In an action to recover damages, inter alia, for legal malpractice, the plaintiff appeals (1), as limited by her notice of appeal

and brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 6, 2002, as, upon renewal, adhered to so much of its prior determination in a corrected order dated October 1, 2002, as granted those branches of the defendants' motion which were to dismiss the first, second, third, fourth, and sixth causes of action pursuant to CPLR 3211 (a) (7), and as denied that branch of her motion which was for leave to amend her complaint, and (2), as limited by her brief, from so much of a judgment of the same court entered December 18, 2002, as dismissed the first, second, third, fourth, and sixth causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly dismissed her first cause of action alleging breach of contract. That cause of action, premised on the defendants' alleged failure to exercise due care or abide by general professional standards, is merely duplicative of her malpractice cause of action. There is no allegation that the defendants promised to obtain a specific result and failed to do so (*see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen,* 303 AD2d 561 [2003], *lv denied* 100 NY2d 511 [2003]; *Senise v Mackasek,* 227 AD2d 184 [1996]).

The Supreme Court also properly dismissed the second and fourth causes of action sounding in fraud as the mere failure to disclose malpractice does not give rise to a cause of action alleging fraud or deceit separate from the underlying malpractice cause of action (*see Weiss v Manfredi,* 83 NY2d 974, 977 [1994]; *Simcuski v Saeli,* 44 NY2d 442, 452 [1978]; *White of Lake George v Bell,* 251 AD2d 777 [1998]).

There is no merit to the plaintiff's contention that the Supreme Court mischaracterized her third cause of action as one alleging legal malpractice. In her motion papers, the plaintiff herself referred to the third cause of action as one sounding in legal malpractice. The Supreme Court properly

concluded that the plaintiff failed to state a cause of action alleging legal malpractice as she did not plead factual allegations demonstrating that but for the defendants' alleged negligence, there would have been a more favorable outcome in the underlying proceedings (*see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, supra; Ashton v Scotman,* 260 AD2d 332 [1999]).

Further, the Supreme Court properly dismissed the sixth cause of action alleging a violation of Executive Law § 296. Even assuming that a law firm or an attorney's office may be considered a "place of public accommodation" as defined by Executive Law § 292 (9) (*see Matter of Cahill v Rosa,* 89 NY2d 14 [1996]), an issue which we need not decide, the plaintiff failed to state a cause of action since she was not denied any "accommodations, advantages, facilities or privileges" by the defendants (*see* Executive Law § 296 [2] [a]).

Finally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which sought leave to amend her complaint since she did not submit a copy of a proposed amended pleading and did not demonstrate that the proposed amendment had merit (*see Haller v Lopane,* 305 AD2d 370 [2003]; *Morgan v Prospect Park Assoc. Holdings,* 251 AD2d 306 [1998]). Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.