■ HOWARD LEDER, as Preliminary Executor of ABRAHAM WARSASKI, Deceased, Proponent, v MARSHALL SPIEGEL, Appellant. JOANNE ROWLAND, ESQ., Respondent. [819 NYS2d 26]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about May 28, 2002, which granted petitioner attorney's application for legal fees and disbursements against appellant and granted petitioner's motion to dismiss appellant's counterclaims against petitioner, affirmed, without costs.

Petitioner's representation of appellant as an objecting distributee and interested person in a probate proceeding (258 AD2d 379 [1999], *lv denied* 93 NY2d 810 [1999], *cert denied* 528 US 1066 [1999]) gave the Surrogate jurisdiction to hear petitioner's application for legal fees (SCPA 2110 [1]), to award attorneys' fees against appellant personally (*see Matter of Levine*, 262 AD2d 80 [1999]), and to determine appellant's counterclaims for legal malpractice and breach of contract arising out of petitioner's representation of appellant in the probate proceeding (NY Const, art VI, § 12 [d]; *see Matter of Tarka*, 293 AD2d 396 [2002], *lv denied* 99 NY2d 530 [2002]; *see generally Matter of Piccione*, 57 NY2d 278, 287-289 [1982]). The record does not reveal bias on the part of the Surrogate; thus recusal was properly denied (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Tarka, supra*).

With regard to that branch of petitioner's motion which sought dismissal of appellant's legal malpractice counterclaims, it is well settled that in considering a motion to dismiss brought pursuant to CPLR 3211 (a) (7), the court must presume the facts pleaded to be true and must accord them every favorable inference (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]; *Delran v Prada USA Corp.*, 23 AD3d 308 [2005]). It is, however, also axiomatic that factual allegations which fail to state a viable cause of action, that consist of bare legal conclusions, or that are inherently incredible or unequivocally contradicted by documentary evidence, are not entitled to such consideration (*Skillgames, LLC v Brody*, 1 AD3d 247, 250 [2003]; *Caniglia v Chicago Tribune-N.Y. News Syndicate*, 204 AD2d 233, 233-234 [1994]).

In order to state a cause of action for legal malpractice, the complaint must set forth three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages (*Reibman v Senie*, 302 AD2d 290 [2003]; *Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]). In order to establish proximate

cause, plaintiff must demonstrate that "but for" the attorney's negligence, plaintiff would either have prevailed in the matter at issue, or would not have sustained any "ascertainable damages" (*Brooks v Lewin*, 21 AD3d 731, 734 [2005]; *Reibman v Senie*, 302 AD2d at 290-291). The failure to demonstrate proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent (*Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d at 198; *Pellegrino v File*, 291 AD2d 60, 63 [2002], *lv denied* 98 NY2d 606 [2002]).

In the matter at bar, appellant Marshall Spiegel's malpractice claim rests on the unsupported, conclusory assertion that he would have accepted the settlement offer but for petitioner's erroneous advice concerning his prospect of success at trial. There is no support for his claim in the voluminous record this matter has generated, nor is there anything in the record, such as an affidavit from his co-objectant brother Michael, to refute petitioner's claim that she actively encouraged the brothers to accept the settlement, but that appellant alone had refused over Michael's protestations. Moreover, as the Surrogate notes in her decision, the settlement negotiations occurred "on many occasions" and were ongoing up to the morning of trial. Finally, in an affirmation signed on October 11, 1999, appellant stated that the settlement offer he now claims petitioner counseled him to refuse, remained open, but that he and his brother were refusing to accept it (again, without any substantiation from the brother) without verification of the value of the estate. There is, however, no indication that such an accounting has ever been provided, rendering appellant's claim that he refused the settlement strictly on petitioner's advice to be suspect, at best.

Accordingly, since appellant's claim is based upon nothing but bare allegations of fact and conclusory legal arguments (*see Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]; *Between The Bread Realty Corp. v Salans Hertzfeld Heilbronn Christy & Viener*, 290 AD2d 380, 381 [2002], *lv denied* 98 NY2d 603 [2002]), it was properly dismissed by the Surrogate's Court. Concur—Tom, J.P., Mazzarelli and Nardelli, JJ.

Saxe and McGuire, JJ., concur in part and dissent in part in a memorandum by McGuire, J., as follows: I agree with the majority that the Surrogate had jurisdiction to hear and decide petitioner's application and appellant's counterclaim, and that the Surrogate properly denied appellant's motion for recusal. I believe, however, that the Surrogate erred in granting that aspect of petitioner's motion which sought dismissal of appellant's legal malpractice counterclaim. Accordingly, I respectfully dissent.

"When evidentiary material is considered [on a motion pursuant to CPLR 3211 (a) (7)], the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginsburg*, 43 NY2d 268, 275 [1977]).

To state a cause of action for legal malpractice, a party must establish that the attorney was negligent, that the negligence was a proximate cause of the loss sustained, and actual damages (*Brooks v Lewin*, 21 AD3d 731, 734 [2005]). A party may establish liability based on loss of a settlement opportunity where the party can establish that, but for the attorney's negligence, he would have accepted the settlement offer (*see Masterson v Clark*, 243 AD2d 411, 412 [1997]; *see also Rubenstein & Rubenstein v Papadakos*, 31 AD2d 615 [1968], *affd* 25 NY2d 751 [1969]; *cf. Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins*, 286 AD2d 314 [2001], *lv denied* 97 NY2d 611 [2002]). Here, appellant's malpractice claim is based on petitioner's alleged negligence in erroneously advising appellant that he could prove the decedent's lack of testamentary capacity through certain of the decedent's writings, and that, but for this erroneous advice, appellant would have accepted the proponent's settlement offer in the probate proceeding. Based on the evidence in the record, particularly appellant's answer and affidavit in opposition to petitioner's motion to dismiss, appellant has a cause of action for legal malpractice. Appellant specifically averred that he would have accepted the settlement offer had petitioner properly evaluated the merits of his objections to probate of the will and correctly advised appellant of his chances of success thereon. Therefore, appellant's counterclaim for legal malpractice should be reinstated (*see Rubenstein & Rubenstein v Papadakos, supra*; *cf. Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, supra*; *Masterson v Clark, supra*).

The majority relies in part on petitioner's claim that she actively encouraged a settlement and that appellant and his brother refused to accept it. These assertions, even assuming their truth, do not undercut appellant's malpractice claim in the slightest. Fairly read, appellant's malpractice claim is that he would have accepted the settlement offer if petitioner had given him correct advice about his prospects for success on his challenges to the probate of the will. That appellant rejected the settlement offer for other reasons—good, bad or otherwise—hardly negates his contention that he would have accepted it

but for petitioner's alleged malpractice. If the majority maintains that this contention is a "conclusory legal argument," the majority errs; it is an assertion of fact, what appellant would have done. To the extent the majority relies on this contention being a "bare" or "unsupported" allegation, that would only underscore that the majority is improperly resolving the issue of credibility against appellant on petitioner's motion to dismiss pursuant to CPLR 3211.