■ MIRIAM BAUZA et al., Appellants-Respondents, v JUDITH A. LIVINGTON et al., Respondents-Appellants. [836 NYS2d 645]—

In an action to recover damages for legal malpractice and fraud, the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Owen, J.), entered December 21, 2005, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of the defendants and against them dismissing the complaint, and the defendants cross-appeal from

stated portions of the same judgment which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing their counterclaim for defamation, dismissed the counterclaim.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The infant plaintiff, by his parents Miriam Bauza and John Bauza (hereinafter the plaintiffs), retained the defendants to commence a medical malpractice action against the healthcare professionals and providers responsible for treating the infant plaintiff. Shortly before the trial in the underlying action commenced, the plaintiffs' adversaries made an offer of settlement for $1,000,000. The offer of settlement was never accepted, and the case proceeded to trial. However, the offer remained in effect throughout the trial. At the conclusion of the trial, the jury found in favor of the plaintiffs and awarded them the principal sum of $330,000.

The plaintiffs commenced this action against the defendants seeking damages for legal malpractice and fraud, alleging, inter alia, that the defendants never communicated the offer of settlement to them. The defendants admitted that an offer of settlement was made, but denied that it was withheld from the plaintiffs.

During the trial of the instant action, Miriam Bauza testified that the defendants initially informed her that the medical malpractice action had a settlement value of $1,000,000. However, Miriam Bauza acknowledged that, shortly before the underlying trial commenced, the defendants increased their settlement valuation of the case to $2,000,000.

At the conclusion of Miriam Bauza's direct examination, the plaintiffs' counsel was granted permission to reopen the direct examination in order to expressly ask Miriam Bauza what she would have done had the $1,000,000 settlement offer been communicated to her. In response, she testified that she did not give consideration or thought as to what she would have done had the offer been extended to her, but when further pressed by her counsel testified, "I am pretty sure I have [sic] would have accept[ed] it."

"To recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a

member of the legal community" (*Cannistra v O'Connor, Mc-Guinness, Conte, Doyle, Oleson & Collins*, 286 AD2d 314, 315 [2001]; *see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). "In addition, the plaintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a direct result of the attorney's actions or inaction, and that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages" (*Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, supra* at 315-316; *see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, supra*). "The failure to demonstrate proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Leder v Spiegel*, 31 AD3d 266, 268 [2006]; *see Simmons v Edelstein*, 32 AD3d 464, 466 [2006]).

Here, the plaintiffs failed to demonstrate that, but for the defendants' alleged negligence, they would have accepted the offer of settlement and would not have sustained any damages (*see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, supra*; *Cannistra v O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, supra* at 316; *Masterson v Clark*, 243 AD2d 411, 412 [1997]). Miriam Bauza's indefinite testimony that she was "pretty sure" she would have accepted the offer, without more, was insufficient to meet the plaintiffs' burden. Moreover, the plaintiffs consented to, and the Supreme Court approved, an infant compromise order dated August 28, 2003, which distributed the proceeds of the $330,000 judgment to them, and partially to the defendants, for counsel fees. Such judicial determination approving the value of the defendants' legal services "necessarily determined that the fee was appropriate and that there was no malpractice" (*Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *see Lefkowitz v Schulte, Roth & Zabel*, 279 AD2d 457 [2001]). Accordingly, the Supreme Court properly dismissed the plaintiffs' cause of action alleging legal malpractice.

Similarly, the Supreme Court properly dismissed the plaintiffs' fraud claim, since it arose from the same facts as their legal malpractice claim and did not allege distinct damages (*see Daniels v Lebit*, 299 AD2d 310 [2002]; *Mecca v Shang*, 258 AD2d 569, 570 [1999]).

Inasmuch as the defendants specifically state in their brief that they do not wish to pursue their cross appeal from so much of the judgment as dismissed the counterclaim for defamation unless the plaintiffs' complaint is reinstated, the defendants'

cross appeal is dismissed as withdrawn. Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.