— In an action to recover unpaid legal fees, the defendant counterclaim plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered September 27, 2007, which denied her motion for summary judgment dismissing the complaint and on her counterclaim.
Ordered that the order is affirmed, with costs.
This action to recover unpaid legal fees arises from the representation by the plaintiffs counterclaim defendants (hereinafter the plaintiffs) of the defendant counterclaim plaintiff (hereinafter the defendant) in a matrimonial action. The Supreme Court denied the defendant’s motion for summary judgment dismissing the complaint and on her counterclaim alleging legal malpractice, finding that triable issues of fact existed. We affirm.
To sustain a cause of action alleging legal malpractice, a plaintiff must establish that the attorney “failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession,” and that the attorney’s breach of this duty proximately caused the plaintiff actual and ascertainable damages (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; see Hearst v Hearst, 50 AD3d 959, 963 [2008]; Bauza v Livington, 40 AD3d 791, 792-793 [2007]; Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d 561, 562 [2003]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Davis v Klein, 88 NY2d 1008, 1009-1010 [1996]; Barnett v Schwartz, 47 AD3d 197, 203-204 [2007]). A settlement of an *438 underlying claim does not preclude a subsequent action for legal malpractice where the settlement was effectively compelled by the mistakes of counsel (see N.A. Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine, 45 NY2d 730, 732 [1978], affg on Suozzi, J., concurring op, 59 AJD2d 551, 552 [1977]; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2005]; Rau v Borenkoff, 262 AD2d 388, 389 [1999]; U.S. Ice Cream Corp. v Bizar, 240 AD2d 654, 655 [1997]; Lattimore v Bergman, 224 AD2d 497 [1996]).
Here, the Supreme Court properly determined that triable issues of fact exist precluding summary disposition in favor of the defendant. Although the defendant’s allegations may be legally sufficient to support her counterclaim alleging legal malpractice (see Gaslow v Phillips Nizer Benjamin Krim & Ballon, 286 AD2d 703, 705 [2001]; Rapp v Lauer, 200 AD2d 726 [1994]; cf. Ippolito v McCormack, Damiani, Lowe & Mellon, 265 AD2d 303 [1999]; Ostriker v Taylor, Atkins & Ostrow, 258 AD2d 572 [1999]), the plaintiffs raised a triable issue of fact as to the appropriateness of their actions as measured against the “ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442 [internal quotation marks omitted]; see Hearst v Hearst, 50 AD3d at 963).
We decline the plaintiffs’ request to impose a sanction upon the defendant for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1). Fisher, J.E, Balkin, McCarthy and Chambers, JJ., concur.