■ PETER MCCLUSKEY, Respondent-Appellant, v GABOR AND GABOR et al., Appellants-Respondents. [876 NYS2d 162]—

In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered January 31, 2008, as denied that branch of their cross motion which was for summary judgment dismissing so much of

the complaint as was premised on their failure to appeal from certain portions of an interlocutory order entered in an underlying age discrimination action entitled *McCluskey v County of Suffolk,* commenced in the Supreme Court, Suffolk County, under index No. 00-19762, and (2) so much of an order of the same court dated May 7, 2008, as, upon reargument, adhered to the original determination in the order entered January 31, 2008, and the plaintiff cross-appeals, as limited by his brief, from (1) so much of the order entered January 31, 2008, as denied his motion for summary judgment on the complaint, and (2) so much of the order dated May 7, 2008, as denied his cross motion for leave to reargue his motion for summary judgment on the complaint, which had been determined in the order entered January 31, 2008, and for leave to amend the complaint.

Ordered that the appeal from the order entered January 31, 2008 is dismissed, as the portion of the order appealed from was superseded by the order dated May 7, 2008, made upon reargument; and it is further,

Ordered that the cross appeal from so much of the order dated May 7, 2008, as denied that branch of the plaintiff's cross motion which was for leave to reargue his motion for summary judgment on the complaint is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 31, 2008 is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated May 7, 2008 is reversed insofar as appealed from, on the law, upon reargument, so much of the order entered January 31, 2008, as denied that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint as was premised on their failure to appeal from certain portions of an interlocutory order entered in the underlying age discrimination action is vacated, and that branch the defendants' motion which was for summary judgment dismissing so much of the complaint as was premised on their failure to appeal from certain portions of an interlocutory order entered in the underlying age discrimination action is granted; and it is further,

Ordered that the order dated May 7, 2008 is affirmed insofar as reviewed on the cross appeal; and it is further,

Ordered that one bill of costs is awarded to the defendants.

To prevail on a claim for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach

of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman,* 99 NY2d 295, 301-302 [2002]; *see Noone v Stieglitz,* 59 AD3d 505 [2009]). If the alleged malpractice is based on the attorney's failure to perfect an appeal from an order dismissing a cause of action in an underlying action, the plaintiff must show that, had the attorney perfected that appeal, the appeal would have been successful, the cause of action would have been reinstated, and the plaintiff would have prevailed on that cause of action in the underlying action (*see Suffolk Ave. Car Wash & Lube v Oberman,* 256 AD2d 75 [1998]; *Saferstein v Klein,* 250 AD2d 831 [1998]).

Here, the plaintiff alleged, inter alia, that the defendants committed malpractice by failing to take an appeal in the underlying age discrimination action from so much of an order as dismissed his causes of action alleging fraud. We find, however, that, inasmuch as the causes of action alleging fraud were properly dismissed (*see Kaufman v Torkan,* 51 AD3d 977, 980 [2008]; *Weitz v Smith,* 231 AD2d 518 [1996]), the plaintiff cannot establish that the defendants committed malpractice by failing to take an appeal from that order (*see Suffolk Ave. Car Wash & Lube v Oberman,* 256 AD2d 75 [1998]; *Saferstein v Klein,* 250 AD2d 831 [1998]). Consequently, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing so much of the complaint as alleged that they committed legal malpractice by virtue of their failure to take an appeal from the portion of the order in the underlying action dismissing the fraud causes of action.

The defendants' alleged misconduct, even if it were proven, did not rise to a violation of Judiciary Law § 487 that would warrant the imposition of treble damages (*see Gelmin v Quicke,* 224 AD2d 481, 483 [1996]). Consequently, that branch of the plaintiff's cross motion which was for leave to amend the complaint to add causes of action alleging a violation of Judiciary Law § 487 was properly denied as patently devoid of merit (*see Lucido v Mancuso,* 49 AD3d 220, 226-227 [2008], *lv granted* 2008 NY Slip Op 68750[U] [2d Dept 2008]; *Glorioso v DeBlasio,* 227 AD2d 588, 589 [1996]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur. [*See* 18 Misc 3d 1129(A), 2008 NY Slip Op 50234(U).]