■ Dominika Sut, Appellant, v City Cinemas Corporation et al., Respondents. [894 NYS2d 916]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 12, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is denied.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Gam v Pomona Professional Condominium*, 291 AD2d 372 [2002]; *DeVivo v Sparago*, 287 AD2d 535 [2001]). Here, the defendants failed to establish, prima facie, that their snow removal activities did not create or exacerbate the icy condition which allegedly caused the plaintiff to fall (*see Robles v City of New York*, 56 AD3d 647, 648 [2008]; *Artis v City of New York*, 24 AD3d 477, 478 [2005]). Since the defendants failed to satisfy their burden of proof, it is unnecessary to analyze the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.