█ DENISE WALKER, Appellant, v GILBERT S. GLOTZER et al., Respondents. [913 NYS2d 290]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Cullen, J.), dated February 23, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was involved in a slip-and-fall accident on January 24, 2003. The plaintiff alleged that she slipped on a piece of ice that had not been removed by the premises owner at

a housing development in Peekskill while stepping down from the curb to the adjacent parking lot, which caused her to fall and sustain injuries. She retained the defendant attorneys to bring a personal injury suit on her behalf. After the statute of limitations had expired, the defendants contacted the plaintiff and informed her that they had failed to timely commence an action on her behalf because of a clerical error. The plaintiff thereafter commenced the instant action to recover damages for legal malpractice. The defendants moved for summary judgment dismissing the complaint, contending that their alleged malpractice did not cause the plaintiff to suffer any loss because she would not have been successful in an action against the premises owner. Specifically, they argued that she would not have been able to establish that the premises owner had notice of the alleged dangerous condition. The Supreme Court granted the defendants' motion for summary judgment, and the plaintiff appeals. We reverse.

In order to succeed in a legal malpractice action, the plaintiff must prove that the attorney failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, which proximately caused the plaintiff to sustain damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561 [2003]; *see also Barnett v Schwartz*, 47 AD3d 197 [2007]). This requires a showing that " 'but for' the [attorney's] negligence . . . [the plaintiff] would have prevailed in the underlying action" (*Barnett v Schwartz*, 47 AD3d at 203; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d at 562). In order for a defendant in a legal malpractice claim to prevail on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the three essential elements of a malpractice cause of action.

Here, the defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, since they failed to come forward with admissible evidence supporting their contention that their alleged malpractice did not cause the plaintiff damage because she would not have been able to establish the notice element of a premises liability action. A property owner is subject to liability for a defective condition on its premises if a plaintiff demonstrates that the owner either created the alleged defect or had actual or constructive notice of it (*see Betz v Daniel Conti, Inc.*, 69 AD3d 545, 545

[2010]; *Roy v City of New York*, 65 AD3d 1030, 1031 [2009]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Under the circumstances of this case, the defendants failed to establish, as a matter of law, that the plaintiff would not have been able to prove that the premises owner, by its own snow and ice removal efforts, created or exacerbated the allegedly dangerous condition which caused the plaintiff's injuries (*see Sut v City Cinemas Corp.*, 71 AD3d 759 [2010]; *Gil v Manufacturers Hanover Trust Co.*, 39 AD3d 703 [2007]; *see also Robles v City of New York*, 56 AD3d 647 [2008]; *Bruzzo v County of Nassau*, 50 AD3d 720 [2008]). Accordingly, the defendants' motion for summary judgment should have been denied, and we need not address the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.