■ MICHAEL BILIN et al., Respondents, v SEGAL, GOODMAN & GOODMAN, LLP, et al., Appellants, and CRITERION GROUP, LLC, Respondent. [916 NYS2d 226]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Segal, Goodman & Goodman, LLP, and Frank Goodman appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 5, 2009, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs retained the defendant Segal, Goodman & Goodman, LLP, and one of its principals, the defendant Frank Goodman (hereinafter together the law firm), to represent them and three other individuals in the sale of six adjacent properties in Brooklyn to a real estate developer, the defendant Criterion Group, LLC (hereinafter Criterion). Each of the six contracts provided that the purchase price of each property was $1,250,000, of which a $62,500 down payment for each property was payable upon execution of the contract, with the $1,187,500 balance for each property due at closing. Although the contracts were executed in early June 2004, the plaintiffs contend that unbeknownst to them, Criterion did not authorize the law firm to deposit its uncertified check in the sum of $375,000, representing the collective down payment for all six properties, until sometime in July 2004. The plaintiffs further assert that the law firm did not inform them for at least two months that when the law firm deposited Criterion's check in July 2004, it was returned for insufficient funds, and thereafter, Criterion never followed through on its promise to the law firm to provide it with a certified replacement check for the down payment. According to the plaintiffs, during this time period, with the law firm's assistance, they pursued proceedings to ensure that tenants vacated their respective properties, as required under the contracts of sale executed between them and Criterion, and lost an opportunity to sell the properties to another developer at essentially the same purchase price offered by Criterion. They further contend that since Criterion never remitted a down payment, they were unable to retain such funds as liquidated damages when the sale of the properties to Criterion was never completed. The properties were ultimately sold to a third party, but in the interim, the plaintiffs contend that they were unable to rent the properties.

The plaintiffs commenced this action against the law firm, asserting causes of action to recover damages for legal malpractice, and against Criterion, asserting a cause of action to recover

damages for breach of contract. After joinder of issue, Criterion moved for summary judgment dismissing the complaint insofar as asserted against it, and the law firm cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied both motions. The law firm appeals. We affirm the order insofar as appealed from.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Walker v Glotzer*, 79 AD3d 737 [2010]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561 [2003]). "In order for a defendant in a legal malpractice claim to prevail on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the three essential elements of a malpractice cause of action" (*Walker v Glotzer*, 79 AD3d at 738; *see Dupree v Voorhees*, 68 AD3d 810, 811 [2009]; *Fasanella v Levy*, 27 AD3d 616 [2006]; *Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303 [1999]). Here, contrary to the assertion of the law firm, it failed to meet its burden of establishing its entitlement to judgment as a matter of law (*see Greene v Sager*, 78 AD3d 777 [2010]; *Eisenberger v Septimus*, 44 AD3d 994 [2007]). Accordingly, the Supreme Court properly denied the law firm's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.