## Winick Realty Group LLC v 120 E. 87th St., L.L.C.

2024 NY Slip Op 33168(U)

September 9, 2024

Supreme Court, New York County

Docket Number: Index No. 654234/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------------X

WINICK REALTY GROUP LLC

                Plaintiff,

              - v -

120 EAST 87TH STREET, L.L.C.,

                Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654234/2023 |
| **MOTION DATE** | 03/05/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for                     DISMISS                  .

       In this breach of contract action, defendant 120 East 87th Street, L.L.C. ("Defendant") moves to dismiss the Complaint pursuant to CPLR 3211(a)(1) and (7).  Plaintiff Winick Realty Group LLC ("Plaintiff") opposes the motion.

       This action concerns a dispute about brokerage fees allegedly owed by Defendant to Plaintiff relating to the leasing of commercial space at 120 East 87th Street in Manhattan ("Premises").  Defendant, the owner of the Premises, retained Plaintiff as a broker pursuant to an exclusive brokerage agreement in August 2007 (NYSCEF Doc. No. 11, "Brokerage Agreement").  The Brokerage Agreement entitled Plaintiff to a commission equal to a percentage of total base rent for the first 20 years of any lease it secured for the Premises.

       Defendant entered a 15-year lease for the Premises with nonparty Petco in March 2009 (NYSCEF Doc. No. 12, "Lease"), which Plaintiff facilitated pursuant to the Brokerage Agreement.  Defendant terminated the Brokerage Agreement on October 4, 2012 pursuant to Section 2.3(d) (NYSCEF Doc. No. 13, Termination Letter).  Defendant and Petco entered a First

[* 1]

Amendment of Lease dated July 6, 2023 (NYSCEF Doc. No. 14, "First Amendment"). The Complaint alleges that Defendant failed to pay Plaintiff the commission owed under the Brokerage Agreement for this amendment (NYSCEF Doc. No. 1, Complaint ¶¶ 15-16).

Section 2.5 of the Brokerage Agreement provides that Plaintiff is entitled to commissions with respect to new leases, expansions, relocations, renewals, and extensions executed within 360 days of the expiration or termination of the Agreement. Schedule A of the Brokerage Agreement provides for commissions to Plaintiff for lease extensions and renewals entered "during the term or during any term extensions of" the Brokerage Agreement (Brokerage Agreement, Schedule A, Section II[B]). Termination of the Brokerage Agreement is governed by Section 2.4, which states: "termination of this Agreement . . . shall not affect the rights of either party with respect to any damages it has suffered as a result of any breach of this agreement, nor shall it affect the rights or obligations of either party with respect to liability or claims accrued, or arising out of events occurring prior to the date of termination."

Plaintiff commenced this action on August 30, 2023, asserting causes of action for breach of contract, quantum meruit, and unjust enrichment. Defendant now moves to dismiss the Complaint pursuant to CPLR 3211(a)(1) and (7). On a motion to dismiss pursuant to CPLR 3211, the Court must accept as true the facts as alleged in the complaint and grant the plaintiff every possible inference (*Sokoloff v Harriman Estates Development Corp.*, 96 NY2d 409, 414 [2001]). Dismissal pursuant to CPLR 3211(a)(1) is "warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A.*, 159 AD3d 618, 621 [1st Dept 2018], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]). When considering a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), "the allegations in the complaint are to

[* 2]

be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory" (*M&E 73-75 LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]). "[F]actual allegations which fail to state a viable cause of action, that consist of bare legal conclusions, or that are inherently incredible or unequivocally contradicted by documentary evidence, are not entitled to such consideration" (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006]).

A breach of contract claim requires the plaintiff to show that a contract exists, that the plaintiff performed in accordance with the contract, that the defendant breached its contractual obligations, and that the breach resulted in damages (*34-06, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). Where a written contract "unambiguously contradicts the allegations supporting a litigant's cause of action for breach of contract, the contract itself constitutes documentary evidence warranting dismissal of the complaint pursuant to CPLR 3211(a)(1)" (*150 Broadway N.Y. Assocs., L.P. v Bodner*, 14 AD3d 1 [1st Dept 2004]).

The Court finds that Defendant's documentary evidence establishes a conclusive defense to Plaintiff's breach of contract cause of action. Section 2.5 expressly entitles Plaintiff to commissions for lease extensions after the Brokerage Agreement is terminated only when entered within 360 days of termination. The Termination Letter establishes that the Brokerage Agreement was terminated on October 4, 2012. The First Amendment was entered in 2023, well outside of the timeframe for commissions arising out of lease extensions, and Plaintiff does not plead facts indicating any other extension or amendment within 360 days for October 4, 2012. Furthermore, the Complaint itself does not specifically allege when Defendant breached the

Brokerage Agreement by failing to pay Plaintiff's commission. The first and second causes of action for breach of contract are accordingly dismissed pursuant to CPLR 3211(a)(1) and (7).

It is well-established that claims for unjust enrichment and quantum meruit must be dismissed as duplicative where they are based upon the same facts and seek the same damages as a breach of contract claims (*see Globalx, Inc. v Hogwarts Capital, LLC*, 226 AD3d 535, 536-537 [1st Dept 2024]; *Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.*, 121 AD3d 415, 416 [1st Dept 2014]). The Court finds that the quantum meruit and unjust enrichment causes of action are duplicative as the Complaint bases them off the same factual allegations as the breach of contract claim. To the extent that Plaintiff argues that these claims should be maintained in light of the finding that the Brokerage Agreement was terminated, the Court rejects such arguments as the Complaint fails to adduce any additional facts indicating that Plaintiff rendered any brokerage services to Defendant after the October 2012 termination. The Court therefore grants the remainder of Defendant's motion and dismisses the third and fourth causes of action.

Accordingly, it is hereby:

ORDERED that the motion is granted and the action dismissed in its entirety.

This constitutes the Decision and Order of the Court.

| **9/9/2024** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654234/2023  WINICK REALTY GROUP LLC vs. 120 EAST 87TH STREET, L.L.C.**  **Page 4 of 4**
**Motion No. 001**

[* 4]