Matulewicz v Sullivan Papain Block McGrath Coffinas & Cannavo, P.C. (2025 NY Slip Op 03058)

Matulewicz v Sullivan Papain Block McGrath Coffinas & Cannavo, P.C.

2025 NY Slip Op 03058

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-10809
 (Index No. 616559/22)

[*1]Carolynn Matulewicz, appellant, 
v
Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., respondent.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered July 17, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for legal malpractice against the defendant law firm. The plaintiff alleged that she retained the defendant to represent her in a personal injury action that she commenced against, among others, the City of Long Beach (hereinafter the underlying action). The plaintiff allegedly appealed from an order in the underlying action that, inter alia, granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff alleged that due to the defendant's deficient representation, the appeal was never perfected and was ultimately deemed dismissed. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint in this action. In an order entered July 17, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Clevenger v Yuzek, 222 AD3d 931, 934 [internal quotation marks omitted]; see Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 800). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Clevenger v Yuzek, 222 AD3d at 934).
"'To state a cause of action to recover damages for legal malpractice, [a] plaintiff [*2][must] allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages'" (May Dock Lane, LLC v Harras Bloom & Archer, LLP, 222 AD3d 635, 637, quoting Jean-Paul v Rosenblatt, 208 AD3d 652, 653). "'To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence'" (id., quoting Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP, 118 AD3d 968, 970). "If the alleged malpractice is based on the attorney's failure to perfect an appeal from an order dismissing a cause of action in an underlying action, the plaintiff must show that, had the attorney perfected that appeal, the appeal would have been successful, the cause of action would have been reinstated, and the plaintiff would have prevailed on that cause of action in the underlying action" (McCluskey v Gabor & Gabor, 61 AD3d 646, 648).
Here, even accepting the facts in the complaint to be true and according the plaintiff the benefit of every favorable inference, the plaintiff cannot establish that, but for the defendant's alleged negligence, the plaintiff would have been successful in her appeal in the underlying action (see id.). In the underlying action, it is undisputed that the City did not have prior written notice of the alleged defect that purportedly caused the plaintiff's injuries, and the plaintiff did not sufficiently allege that an exception to the prior written notice requirement applies (see La Fleur v Janowitz, 228 AD3d 636, 638; Discepolo v County of Nassau, 226 AD3d 646, 647; see also McCluskey v Gabor & Gabor, 61 AD3d at 648).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court