[903 NE2d 265, 874 NYS2d 868]

VIVIA AMALFITANO et al., Respondents, v ARMAND ROSENBERG, Appellant.

Argued January 6, 2009; decided February 12, 2009

**POINTS OF COUNSEL**

*Scheichet & Davis, P.C.*, New York City (*William J. Davis* of counsel), for appellant. Judiciary Law § 487 requires the elements of fraud or deceit for a civil action, which do not include an "attempt." (*Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644; *Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910; *People v Oishei*, 20 Misc 163; *New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78; *O'Connor v Dime Sav. Bank of N.Y.*, 265 AD2d 313; *Werner v Katal Country Club*, 234 AD2d 659; *Manna v Ades*, 237 AD2d 264.)

*Llorca & Hahn LLP,* New York City (*Richard E. Hahn* of counsel), for respondents. I. A lawsuit for treble damages may be maintained under Judiciary Law § 487 based upon an attempted but unsuccessful deceit upon a court. (*Looff v Lawton,* 97 NY 478; *Kuelling v Roderick Lean Mfg. Co.*, 183 NY 78; *Aymes v Gateway Demolition Inc.*, 30 AD3d 196; *Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644; *People v Oishei*, 20 Misc 163; *New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78; *O'Connor v Dime Sav. Bank of N.Y.*, 265 AD2d 313; *Werner v Katal Country Club*, 234 AD2d 659; *Carney v Philippone*, 1 NY3d 333; *Matter of Colonial Liq. Distribs. v O'Connell*, 295 NY 129.) II. The costs incurred in defending a suit predicated on a materially and intentionally false fundamental misrepresentation are recoverable under Judiciary Law § 487 even if the court

never acted on the belief that the misrepresentation was true. (*Country-Wide Ins. Co. v National R.R. Passenger Corp.,* 6 NY3d 172; *Retail Software Servs. v Lashlee,* 71 NY2d 788; *Yesil v Reno,* 92 NY2d 455; *Aymes v Gateway Demolition Inc.,* 30 AD3d 196; *Kaplan v Democrat & Chronicle,* 266 AD2d 848.) III. Armand Rosenberg's filing of the complaint falsely alleging standing when none existed and the subsequent submission of knowingly and materially false affidavits did work a deceit on the court, and therefore the certified questions should be altered accordingly. (*Matter of Schildhaus,* 23 AD2d 152; *Schindler v Issler & Schrage,* 262 AD2d 226; *Guardian Life Ins. Co. of Am. v Handel,* 190 AD2d 57; *Salovaara v Eckert,* 222 F3d 19.) IV. Answering the questions certified in the affirmative will not "open the floodgates to litigation." (*Enright v Eli Lilly & Co.,* 77 NY2d 377.) V. Any negative answer to certified question No. 2 should be limited to the issue of expenses incurred by Vivia and Gerald Amalfitano prior to the appeal on which the Appellate Division was found to have been actually defrauded, because this Court would exceed its jurisdiction if it also considered matters already decided by the Second Circuit which granted recovery with respect to expenses incurred after the appeal, through discovery and trial.

*Jeffrey A. Jannuzzo,* New York City, for James L. Melcher, amicus curiae. The 28 other statutes that disjunctively employ the term "deceit" establish that it is distinct from "fraud." (*Matter of Bliss v Bliss,* 66 NY2d 382; *Rangolan v County of Nassau,* 96 NY2d 42; *Matter of Tonis v Board of Regents of Univ. of State of N.Y.,* 295 NY 286; *Matter of Gerald R.M.,* 12 AD3d 1192; *McSweeney v Bazinet,* 269 App Div 213, 295 NY 797; *Fleming v Graham,* 10 NY3d 296.)

**OPINION OF THE COURT**

READ, J.

The United States Court of Appeals for the Second Circuit has certified two questions to us regarding the application of section 487 of the Judiciary Law insofar as it provides that

"[a]n attorney or counselor who: . . .

"[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . .

"[i]s guilty of a misdemeanor, and in addition to the

punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."

The questions arise out of defendant Armand Rosenberg's appeal from a judgment of the United States District Court for the Southern District of New York, finding that Rosenberg violated section 487 and awarding plaintiffs Vivia and Gerard Amalfitano three times their costs to defeat a lawsuit brought by Rosenberg on behalf of Peter Costalas (*Amalfitano v Rosenberg*, 428 F Supp 2d 196 [SD NY 2006]). The lawsuit accused the Amalfitanos of fraudulently purchasing what remained of the Costalas family business, a partnership known as 27 Whitehall Street Group. On appeal, the Second Circuit concluded that it could affirm the District Court's judgment "in its entirety" only if, in addition to Rosenberg's actual deceit of the Appellate Division, his "attempted deceit" of the trial court—"the false allegations in the complaint in the *Costalas* litigation" representing that Peter Costalas was a partner in 27 Whitehall Street Group—would "support[ ] a cause of action under section 487 and was the proximate cause of the Amalfitanos' damages in defending the litigation from its inception" (*Amalfitano v Rosenberg*, 533 F3d 117, 125 [2d Cir 2008]).*

## I.

### Certified Question No. 1

"Can a successful lawsuit for treble damages brought under N.Y. Jud. Law § 487 be based on an attempted but unsuccessful deceit?" (533 F3d at 126.)

Rosenberg equates forfeiture under Judiciary Law § 487 with a tort claim for fraud. And under New York common law, "[t]o maintain an action based on fraudulent representations . . . in tort for damages, it is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit *and that the plaintiff was thereby deceived* and damaged" (*Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958] [emphasis added]). Thus, Rosenberg argues, section 487 does not permit recovery for an attempted but unsuccessful deceit practiced on a court. And here, the trial judge was concededly never fooled by misrepresentations regarding Peter Costalas's partnership status.

---

* The facts and circumstances of the underlying litigation and Rosenberg's conduct are set out in detail in the District Court's decision and the Second Circuit's certification opinion.

As the District Court correctly observed, however, Judiciary Law § 487 does not derive from common-law fraud. Instead, as the Amalfitanos point out, section 487 descends from the first Statute of Westminster, which was adopted by the Parliament summoned by King Edward I of England in 1275. The relevant provision of that statute specified that

> "if any Serjeant, Pleader, or other, do any manner of Deceit or Collusion in the King's Court, or consent [unto it,] in deceit of the Court [or] to beguile the Court, or the Party, and thereof be attainted, he shall be imprisoned for a Year and a Day, and from thenceforth shall not be heard to plead in [that] Court for any Man; and if he be no Pleader, he shall be imprisoned in like manner by the Space of a Year and a Day at least; and if the Trespass require greater Punishment, it shall be at the King's Pleasure" (3 Edw, ch 29; *see generally* Thomas Pitt Taswell-Langmead, English Constitutional History, at 153-154 [Theodore F.T. Plucknett ed, Sweet & Maxwell, 10th ed 1946]).

Five centuries later, in 1787, the Legislature adopted a law with strikingly similar language, and added an award of treble damages, as follows:

> "*And be it further enacted . . .* [t]hat if any counsellor, attorney, solicitor, pleader, advocate, proctor, or other, do any manner of deceit or collusion, in any court of justice, or consent unto it in deceit of the court, or to beguile the court or the party, and thereof be convicted, he shall be punished by fine and imprisonment and shall moreover pay to the party grieved, treble damages, and costs of suit" (L 1787, ch 35, § 5).

In 1830, the Legislature carried forward virtually identical language in the Revised Statutes of New York, prescribing that

> "[a]ny counsellor, attorney or solicitor, who shall be guilty of any deceit or collusion, or shall consent to any deceit or collusion, with intent to deceive the court or any party, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by fine or imprisonment, or both, at the discretion of the court. He shall also forfeit to the party injured by his deceit or collusion, treble damages, to be

recovered in a civil action" (2 Rev Stat of NY, part III, ch III, tit II, art 3, § 69, at 215-216 [2d ed 1836]).

The Legislature later codified this misdemeanor crime and the additional civil forfeiture remedy as section 148 of the Penal Code of 1881, providing that

"[a]n attorney or counselor who . . .

"[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party as prohibited by section 70 of the Code of Civil Procedure; . . .

"[i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by this Code, he forfeits to the party injured treble damages, to be recovered in a civil action" (L 1881, ch 676, § 148 [1]).

Section 70 of the Code of Civil Procedure, cross-referenced in section 148, similarly stated that "[a]n attorney or counsellor, who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or a party, forfeits, to the party injured by his deceit or collusion, treble damages. He is also guilty of a misdemeanor." The derivation note accompanying section 70 includes the following comment: "As to the meaning of the word, 'deceit', as used in this section, see *Looff* v. *Lawton*, 14 Hun, 588" (Code of Civil Procedure of the State of New York with Notes by Montgomery H. Throop [Weed, Parsons and Company 1881]).

In *Looff*, the plaintiffs accused their attorney of gulling them into bringing an unnecessary lawsuit, motivated solely by his desire to collect a large fee to represent them. In discussing the meaning of the word "deceit" in section 70 (and, by extension, section 148), the General Term of the Supreme Court opined that the Legislature intended an expansive reading rather than "confining the term to common law or statutory cheats" (*Looff v Lawton*, 14 Hun 588, 589 [2d Dept 1878]). To support this interpretation, the court reasoned that because there was already a civil action at common law for fraud and damage that an injured party might pursue,

"[t]here was no occasion . . . for another statute to punish, or to give an action for the '*deceit*' of lawyers, unless the Legislature intended that that class of persons should be liable for acts which

would be insufficient to establish a crime or a cause of action against citizens generally. The statute is limited to a peculiar class of citizens, from whom the law exacts a reasonable degree of skill, and the utmost good faith in the conduct and management of the business intrusted to them . . . To mislead the court or a party is to deceive it; and, if knowingly done, constitutes criminal deceit under the statute cited" (*id.* at 590).

Section 148 was subsequently recodified as section 273 of the Penal Law of 1909. In conjunction with the Legislature's adoption of the revised Penal Law of 1965, section 148 was transferred from the Penal Law to the Judiciary Law as section 487 (*see* L 1965, ch 1031, § 123). There it remains today—the modern-day counterpart of a statute dating from the first decades after Magna Carta; its language virtually (and remarkably) unchanged from that of a law adopted by New York's Legislature two years before the United States Constitution was ratified.

 As this history shows, section 487 is not a codification of a common-law cause of action for fraud. Rather, section 487 is a unique statute of ancient origin in the criminal law of England. The operative language at issue—"guilty of any deceit"—focuses on the attorney's intent to deceive, not the deceit's success. And as the District Court pointed out, section 487 was for many years placed in the state's penal law, which "supports the argument that the more appropriate context for analysis is not the law applicable to comparable civil torts but rather criminal law, where an attempt to commit an underlying offense is punishable as well [as] the underlying offense itself" (*Amalfatino*, 428 F Supp 2d at 210). Further, to limit forfeiture under section 487 to successful deceits would run counter to the statute's evident intent to enforce an attorney's special obligation to protect the integrity of the courts and foster their truth-seeking function.

## II.

### Certified Question No. 2

"In the course of such a lawsuit, may the costs of defending litigation instituted by a complaint containing a material misrepresentation of fact be treated as the proximate result of the misrepresentation if the court upon which the deceit was at-

tempted at no time acted on the belief that the misrepresentation was true?'' (533 F3d at 126.)

In light of our answer to the first question, recovery of treble damages under Judiciary Law § 487 does not depend upon the court's belief in a material misrepresentation of fact in a complaint. When a party commences an action grounded in a material misrepresentation of fact, the opposing party is obligated to defend or default and necessarily incurs legal expenses. Because, in such a case, the lawsuit could not have gone forward in the absence of the material misrepresentation, that party's legal expenses in defending the lawsuit may be treated as the proximate result of the misrepresentation.

Accordingly, the certified questions should be answered in accordance with this opinion.

Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified questions answered in accordance with the opinion herein.