■ Michael J. Scarborough, Jr., as Administrator of the Estate of Michael J. Scarborough, Sr., Deceased, Respondent-Appellant, v Napoli, Kaiser & Bern, LLP, et al., Appellant-Respondents, and Randolph D. Janis et al., Respondents. [880 NYS2d 800]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered February 15, 2008 in a legal malpractice action. The order, among other things, granted in part plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the amended complaint against defendants Randolph D. Janis, Melinda Ruth Alexis and Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as temporary administrator of the estate of Bradley C. Abbott, deceased, and by denying the cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Following the death of his father, plaintiff retained defendants, a law firm, two partners and three associates, to prosecute a medical malpractice action against various doctors, hospitals and clinics (collectively, underlying medical defendants). It is undisputed that there is only one medical defendant whose negligence potentially could support the underlying medical malpractice action (underlying medical defendant). The medical malpractice action was dismissed against the underlying medical defendants after defendants failed to file a timely note of issue. Following the dismissal of that action, defendants asked plaintiff to sign a stipulation of discontinuance with respect to the underlying action, which in fact had already been dismissed. According to plaintiff, he was informed that he could not prevail in his underlying action but was never informed that the action already had been dismissed as a result of defendants' failure to file a timely note of issue. Subsequently,

a member of defendants' firm telephoned plaintiff and told him the actual basis for the dismissal of the underlying action.

Plaintiff thereafter commenced this action asserting causes of action for legal malpractice and for treble damages pursuant to Judiciary Law § 487. Defendants moved for summary judgment dismissing the amended complaint in its entirety on the ground that no acts or omissions by the underlying medical defendants were the proximate cause of the death of plaintiff's father, an essential element of a cause of action for legal malpractice. Alternatively, defendants sought summary judgment dismissing the amended complaint against Randolph D. Janis, Melinda Ruth Alexis and Bradley C. Abbott (collectively, associate defendants) on the ground that they were associates rather than partners of defendant law firm and thus were not legally responsible for any legal malpractice. Plaintiff cross-moved for partial summary judgment on liability on the legal malpractice cause of action. We note that one of the associate defendants died after the action was commenced, and a temporary administrator was substituted as a defendant to represent his estate. Supreme Court granted the alternative relief sought by defendants by granting that part of the motion for summary judgment dismissing the amended complaint against the two remaining associate defendants and the temporary administrator of the estate of the deceased associate defendant. The court granted plaintiff's cross motion for partial summary judgment on liability on the legal malpractice cause of action against the remaining defendants. We conclude that the court erred in granting the alternative relief sought by defendants and in granting plaintiff's cross motion with respect to defendant law firm and the two partners, and we therefore modify the order accordingly.

Contrary to the contention of defendants, the court erred in granting the alternative relief sought in their motion. Partnership Law § 26 (c) (i) provides that "each partner, employee or agent of . . . a registered limited liability partnership" may be individually liable for, inter alia, his or her negligent or wrongful act. Defendants failed to meet their initial burden of establishing as a matter of law that the associate defendants committed no negligent or wrongful act for which they could be individually liable. We thus reinstate the amended complaint against the two remaining associate defendants and the temporary administrator of the estate of the deceased associate.

Contrary to the further contention of defendants, the court properly determined that none of the defendants is entitled to summary judgment dismissing the Judiciary Law § 487 cause of

action. That statute provides in relevant part that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and . . . he [or she] forfeits to the party injured treble damages, to be recovered in a civil action." (Judiciary Law § 487.) "A violation of Judiciary Law § 487 may be established 'either by the defendant's alleged deceit *or* by an alleged chronic, extreme pattern of legal delinquency by the defendant' " (*Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *see Amalfitano v Rosenberg*, 12 NY3d 8 [2009]; *Schindler v Issler & Schrage*, 262 AD2d 226 [1999], *lv dismissed* 94 NY2d 791 [1999], *rearg denied* 94 NY2d 859 [1999]). Here, the documents submitted by defendants in support of their motion establish that some of the attorneys at defendant law firm engaged in intentional deceit, and thus by their own submissions defendants defeated their entitlement to summary judgment dismissing that cause of action.

Finally, we conclude that neither plaintiff nor any defendant is entitled to summary judgment with respect to the merits of the legal malpractice cause of action. Inasmuch as there are competing expert affidavits "raising an issue of fact . . . whether plaintiff would have been successful in the underlying medical malpractice action," neither plaintiff nor defendants are entitled to summary judgment (*Gotay v Breitbart*, 58 AD3d 25, 30 [2008]; *see Leadbeater v Peters, Berger, Koshel & Goldberg, P.C.*, 40 AD3d 713, 713-714 [2007]). Contrary to the contention of plaintiff, he did not establish his entitlement to judgment as a matter of law on the theory that defendants' negligence caused him to lose a viable settlement opportunity. Although plaintiff submitted evidence that the attorney for the underlying medical defendant was considering a settlement with plaintiff, there is no evidence in the record of an offer of settlement by the underlying medical defendant, and thus plaintiff's contention is based on mere speculation (*see e.g. Bauza v Livington*, 40 AD3d 791, 793 [2007]; *Masterson v Clark*, 243 AD2d 411, 412 [1997]; *cf. Silva v Worby, Groner, Edelman, LLP*, 54 AD3d 634 [2008]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.