06-2364-cv
Amalfitano v. Rosenberg

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: September 6, 2007                    Decided: July 14, 2009)

Docket No. 06-2364-cv

------------------------------------

VIVIA AMALFITANO AND GERARD AMALFITANO,

Plaintiffs-Appellees,

- v. -

ARMAND ROSENBERG,

Defendant-Appellant.

------------------------------------

Before:   WALKER, CALABRESI, and SACK, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge).  We certified two questions to the New York Court of Appeals, see Amalfitano v. Rosenberg, 533 F.3d 117, 126 (2d Cir. 2008), which it has now answered, see Amalfitano v. Rosenberg, 12 N.Y.3d 8, 903 N.E.2d 265, 874 N.Y.S.2d 868 (2009). In light of those answers, the judgment is:

Affirmed.

WILLIAM J. DAVIS, Scheichet & Davis, P.C., New York, NY, for Defendant-Appellant.

RICHARD E. HAHN, Llorca & Hahn LLP, New York, NY, for Plaintiffs-Appellees.

PER CURIAM:

We return to this appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge). We assume the parties' continued familiarity with the facts and procedural history of this case, and the issues presented on appeal.

On July 15, 2008, we certified two questions to the New York State Court of Appeals:

> (1) Can a successful lawsuit for treble damages brought under N.Y. Jud. Law § 487 be based on an attempted but unsuccessful deceit upon a court by the defendant?

> (2) In the course of such a lawsuit, may the costs of defending litigation instituted by a complaint containing a material misrepresentation of fact be treated as the proximate result of the misrepresentation if the court upon which the deceit was attempted at no time acted on the belief that the misrepresentation was true?

Amalfitano v. Rosenberg, 533 F.3d 117, 126 (2d Cir. 2008). We noted that we "would almost surely affirm the district court's judgment in its entirety if the New York Court of Appeals determines that section 487 permits the award of treble damages for an attempted deceit of the New York courts." Id. The Court of Appeals has now answered both certified questions in the affirmative, see Amalfitano v. Rosenberg, 12 N.Y.3d 8, 903 N.E.2d 265, 874 N.Y.S.2d 868 (2009), and, in light of that decision, we do indeed affirm.

"The district court . . . assessed [a base calculation of] damages in the amount of $89,415.18, comprising the

2

Amalfitanos' legal fees from the inception of the Costalas litigation to the judgment." Amalfitano, 533 F.3d at 122. As we noted in our previous opinion, such an award assumes that the defendant committed actionable fraud for section 487 purposes from the commencement of the litigation -- i.e., from his filing of the complaint -- at which time the defendant "was [merely] attempting (but failing) to deceive Justice Gammerman, [and] had not yet successfully deceived the Appellate Division into reversing the default judgment." See id. at 125. It also assumes that the fraud was a proximate cause of the defendants' incurring legal fees to defend against the entire litigation, even the period of the litigation before the fraud was successful. See id.

In light of the Court of Appeals' answer, we conclude that both assumptions were correct. That the defendant's misrepresentation in the complaint did not actually deceive the state courts until later in the litigation does not matter, for "[t]he operative language" of section 487 "focuses on the attorney's intent to deceive, not the deceit's success." Amalfitano, 12 N.Y.3d at 14, 903 N.E.2d at 268, 874 N.Y.S.2d at 871. The defendant does not challenge the district court's finding that his deceit was intentional. See Amalfitano, 533 F.3d at 124. Moreover, because the central claim of the complaint was predicated upon a misrepresentation of fact, see id., and because the plaintiffs were "obligated to defend or default" in response to that complaint "and necessarily incur[]

3

legal expenses" as a consequence, those expenses "may be treated as the proximate result of the misrepresentation," Amalfitano, 12 N.Y.3d at 15, 903 N.E.2d at 269, 874 N.Y.S.2d at 872.  We conclude that the district court did not err in treating them as such.

For the foregoing reasons, the judgment of the district court is AFFIRMED.