OPINION OF THE COURT
Daniel R. Palmieri, J.
This motion by the plaintiff for leave to renew the renewal motion previously decided by decision and order of this court dated March 23, 2009 is denied.
The nature and relevant history of this case were reviewed in the March 23 order, and will not be repeated here. For purposes of this motion, it is sufficient to state that the plaintiff sued both Karyn A. Villar and Dorothy A. Courten, attorneys and law partners, for a violation of Judiciary Law § 487. This court granted a motion to dismiss as to both, but upon renewal by the plaintiff reinstated the complaint as to Villar, who was actively involved in the underlying matrimonial case, but not as to Courten, against whom there is no allegation of improper conduct.
The sole basis for the present application is the assertion by counsel for the plaintiff that the undersigned should not have upheld the dismissal of the action as against defendant Courten because the reason given was raised sua sponte, and that the reason itself was wrong.
The plaintiff asserts that a recently decided Court of Appeals case provides a basis for renewal of the prior motion, itself one for reargument and renewal,[1] which represents a change in the law subsequent to the determination and should change the result. (CPLR 2221 [e] [2].)
On the prior motion the court decided that while a recent (different) Court of Appeals decision meant that the cause of action as against Villar pursuant to Judiciary Law § 487 should be reinstated, this claim as asserted against her partner Courten should not be. (See Amalfitano v Rosenberg, 12 NY3d 8 [2009].) The plaintiff correctly states that the basis of that latter conclusion was that under the Amalfitano Court’s decision a mere jural relationship (partnership, in this case) was an insufficient basis for holding Courten liable for Villar’s alleged action. This had not been specifically discussed or briefed by either party on the motion to reargue and renew. The plaintiffs contention on the present application is that pursuant to Misicki v Caradonna (12 NY3d 511 [2009]) this court erred in deciding her motion as it affected Courten on a ground not raised by the parties.
*453 The plaintiff misperceives the meaning of Misicki as applied to this case. A careful reading of that portion of the decision that dealt with the issue of sua sponte review reveals that the Court of Appeals was not establishing a sweeping policy that no court — including a trial court — should decide an issue based upon a rationale not advanced by any of the parties. Rather, its discussion was limited to its own role in the appeals process. The case before it involved, inter alia, whether a particular tool fit the definition of “power-operated heavy equipment or machinery” within the meaning of a particular section of the Industrial Code. Because it is critical to the instant motion, the court’s discussion regarding the scope of its review of the issue is reproduced here:
“As an initial matter, we note that subpart 23-9 applies to ‘power-operated heavy equipment or machinery'' . . . such as excavating machines, pile drivers and motor trucks . . . [Defendant] Shore never argued that the grinder was a hand tool subject to other provisions of the Code ... or, in any event, was not ‘power-operated heavy equipment or machinery’ within the meaning of subpart 23-9. For purposes of this appeal, we therefore assume, without deciding, that section 23-9.2 (a) applies to a handheld 9-inch electrically-driven angle grinder.
“Judge Smith objects to this assumption. While acknowledging the general rule that we do not resolve cases on grounds raised for the first time on appeal, he points to a concededly rarely invoked exception for a ‘newly raised point of law’ that is ‘decisive’ in a civil case and ‘could not have been obviated by factual showings or legal countersteps if it had been raised below’ (Karger, Powers of the New York Court of Appeals § 17.1, at 591-592 [3d ed rev] . . . ). Declaring that the exception ‘fits this case perfectly,’ Judge Smith would affirm the Appellate Division’s order in light of the ‘plain inapplicability of the regulation plaintiff relies on’ (Smith, J., dissenting at 525).
“This case does not fit the exception at all. We are not faced with a situation where a litigant ‘newly raise[s]’ on appeal a ‘point of law’ not put forward in the trial court — that is, we are not talking about an exception to the preservation requirement as it is classically defined. Here, Shore never so much as hinted much less claimed before us that section 23-
*454 9.2 (a) is inapplicable to the grinder involved in plaintiffs accident. For us now to decide this appeal on a distinct ground that we winkled out wholly on our own would pose an obvious problem of fair play.
We are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made. In sum, plaintiff deserves an opportunity to refute the proposition on which the dissent would decide this appeal against him
“While appellate judges surely do not ‘sit as automatons’ . . . they are not freelance lawyers either. Our system depends in large part on adversary presentation; our role in that system ‘is best accomplished when [we] determine[ ] legal issues of statewide significance that have first been considered by both the trial and the intermediate appellate court’ . . . Here, the specificity of section 23-9.2 (a) has, in fact, been considered by all four departments of the Appellate Division, with differing results; by contrast, its applicability to a grinder was not briefed or argued by the parties to this appeal, and, insofar as we can tell, the general issue of whether section 23-9.2 (a) applies to an electrically-powered hand tool has not yet been addressed by any lower court.” (12 NY3d at 518-520.)
The foregoing makes it clear that the case does not stand for the proposition, advanced here by the plaintiff, that a trial court cannot reach its own legal conclusion regarding an issue even if none of the parties had advanced arguments addressing that issue. Rather, this aspect of the Misicki decision had to do with the functioning of the Court of Appeals itself. Every part of the discussion has to do with the appellate process and that court, not what happens at the trial court level.
There is simply nothing in this case that would prevent a trial court from reviewing a record and the law and deciding a case based thereon, whether or not a specific legal basis for a decision was raised by the parties. Indeed, that would run contrary to the review process encouraged by both CPLR 3212 (b) and 3211 (a) (7), where courts routinely do just that. In deciding in plaintiffs favor with regard to Villar on the very motion that is the subject of the instant application, this court undertook an analysis of the record and the law in order to *455 determine if the plaintiff had a claim against Villar, and decided on that record that she did.
Moreover, it should be noted that it was the plaintiff herself who placed the issue of both Courten and Villar before the court on her motion to reargue and renew, because she sought reinstatement of the complaint based on Judiciary Law § 487 as to both. Once an issue is before it, a court can raise any legal or factual ground, based on the law and the record before it, for resolving that issue. (See Comrie, Inc. v Holmes, 40 AD3d 1346, 1347 n [3d Dept 2007].)
The fact that in their submissions the parties paid little or no attention to the distinction between the partners Courten and Villar does not mean that the court was bound to ignore it. A ruling on the issue had to be made to resolve the motion. If the plaintiff is correct here, it would mean that the court was bound to state that the complaint also was reinstated against Courten (or not), without any analysis, because the lawyers had advanced none. This would then be followed by the inevitable motion to reargue or for clarification by the loser based on the court’s failure to give any reason for its action. It is difficult to imagine that this is a result the Court of Appeals would encourage.
Finally, even if Misicki stood for the proposition advanced by the plaintiff, renewal should not be granted, because the result would not change. On her papers the plaintiff has advanced her arguments regarding reinstatement of the Judiciary Law § 487 claim against Courten, but the court cannot agree and would not have agreed even if they had been made initially, for the reasons stated in the March 23 decision and order. It appears to this court that under Amalfitano any analysis of vicarious liability should not be undertaken under the law applicable to civil torts, upon which plaintiff relies. To the extent that the plaintiff advances one Federal District Court case holding that the employer of an attorney who engaged in conduct proscribed by Judiciary Law § 487, as well as the attorney herself, could be held derivatively liable under respondeat superior,[2] this court finds it unpersuasive in light of the Amalfitano Court’s discussion and declines to follow it.

. Reargument was denied, but renewal was granted. (Dupree v Voorhees, 24 Misc 3d 396 [Sup Ct, Suffolk County 2009].)

. Rudow v City of New York (642 F Supp 1456 [SD NY 1986]).