[947 NYS2d 54]

In the Matter of Armand J. Rosenberg, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 5, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Scott D. Smith* of counsel), for petitioner.

*Richard M. Maltz*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Armand J. Rosenberg was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 1951. At all time relevant to this proceeding, respondent's registered office was within the First Department.

By order dated October 13, 2010 this Court granted the Departmental Disciplinary Committee's petition for an order giving collateral estoppel effect to an April 2006 decision by the U.S. District Court for the Southern District of New York in the case of *Amalfitano v Rosenberg* (428 F Supp 2d 196 [SD NY 2006], *affd* 572 F3d 91 [2d Cir 2009]), in which respondent was found to have engaged in fraudulent conduct, in violation of New York Judiciary Law § 487, and imposed treble damages in the amount of $268,245.54. Our order further found that respondent's conduct violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) (conduct prejudicial to the administration of justice), DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) (conduct that adversely reflects on respondent's fitness as a lawyer), DR 7-102 (a) (4) (22 NYCRR 1200.33 [a] [4]) (knowingly using perjured testimony), and DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]) (knowingly making a false statement of law or fact), and referred the matter to a Hearing Panel for a sanction hearing. The Committee is now seeking an order confirming the Hearing Panel's findings of fact, conclusions of law and recommendation of a one-year suspension.

This matter stems from respondent's representation of Peter Costalas, who, along with his two brothers, James and John, were members of a family partnership that owned five buildings and 12 restaurants. Peter diverted millions of dollars in partnership funds and mortgaged buildings by use of forged signatures in order to cover losses incurred in connection with his personal trading in stock options. As a result, James and John commenced an action against Peter and his brokers. In August 1993, respondent negotiated an agreement on Peter's behalf in which Peter, among other things, assigned and transferred his interest in the partnership to John, and in return, was dismissed as a defendant in the litigation.

Thereafter, Vivia Amalfitano, James' daughter, purchased the partnership's remaining building and restaurant from John and James. In May 2001, respondent commenced an action in New York County, Supreme Court, naming Vivia and her husband, Gerard Amalfitano, Esq., as defendants, alleging that they defrauded John and James into conveying the partnership's remaining property and business, and that Peter was still a partner. The action was eventually dismissed during trial. Respondent then unsuccessfully appealed the trial court's order denying his motion to vacate (see *Costalas v Amalfitano*, 23 AD3d 303 [2005]).

In March 2004, the Amalfitanos commenced the above-mentioned federal action against respondent alleging that respondent's commencement and prosecution of the state court action against them constituted a violation of Judiciary Law § 487. We agree with the recommendation of the Panel that respondent should be suspended for one year (*Matter of Berglas*, 16 AD3d 1 [2005] [one-year suspension, where respondent submitted three filings to the INS containing false information regarding his clients' addresses]; *Matter of Nash*, 166 AD2d 84 [1991] [one-year suspension, where respondent falsely notarized documents and submitted false verifications and affidavits in a matrimonial action]).

Accordingly, the Committee's motion to confirm the Hearing Panel's determination should be granted and respondent suspended from the practice of law for one year, and until further order of this Court.

ANDRIAS, J.P., SAXE, SWEENY, CATTERSON and ACOSTA, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date hereof and until further order of this Court.