# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**538**

**CA 12-02075**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

ANN DUSZYNSKI, AS ADMINISTRATRIX OF THE ESTATE
OF RUBY LAMBERT, DECEASED, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALLSTATE INSURANCE COMPANY, PAUL E. RICHARDSON
AND THE LAW OFFICES OF MARY A. BJORK,
DEFENDANTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (R. SCOTT ATWATER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 22, 2012. The order granted the motion of plaintiff for leave to amend the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: James Lambert (Lambert) struck a pedestrian while operating a vehicle owned by his mother, Ruby Lambert (decedent). The pedestrian commenced a personal injury action against decedent and Lambert, both of whom were insured by defendant Allstate Insurance Company (Allstate). Defendants Paul E. Richardson and The Law Offices of Mary A. Bjork (Bjork) were assigned by Allstate to defend decedent and Lambert in the personal injury action. As part of the settlement of that action, decedent agreed to pay approximately $200,000 from her personal assets. Before that payment could be made, however, decedent passed away. Pursuant to an order of Surrogate's Court, decedent's estate paid that amount to the personal injury plaintiff in full and final settlement of the action as against decedent.

Plaintiff, as administratrix of decedent's estate, thereafter commenced the instant action alleging, inter alia, that Richardson and Bjork were negligent and committed legal malpractice while handling the defense of the personal injury action. Sixteen months later, plaintiff moved for leave to amend the complaint to add a cause of action under Judiciary Law § 487. Supreme Court granted that motion, and we now affirm.

"It is well settled that [l]eave [to amend a pleading] shall be

freely given . . . , and [t]he decision to allow or disallow the amendment is committed to the court's discretion . . . A court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face" (*Landers v CSX Transp., Inc.*, 70 AD3d 1326, 1327 [internal quotation marks omitted]; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). While defendants contend that plaintiff failed to make an evidentiary showing that the cause of action could be supported, we do not address that contention because it is improperly raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Contrary to defendants' further contention, we conclude that the proposed amendment is not patently lacking in merit.

"A violation of Judiciary Law § 487 may be established either by the defendant's alleged deceit *or* by an alleged chronic, extreme pattern of legal delinquency by the defendant" (*Scarborough v Napoli, Kaiser & Bern, LLP*, 63 AD3d 1531, 1533 [internal quotation marks omitted]; *cf. Donaldson v Bottar*, 275 AD2d 897, 898, *lv dismissed* 95 NY2d 959; *see generally Amalfitano v Rosenberg*, 12 NY3d 8, 12-14). With respect to the element of deceit, "[t]he operative language at issue—'guilty of any deceit'—focuses on the attorney's intent to deceive, not the deceit's success" (*Amalfitano*, 12 NY3d at 14). Here, in addition to alleging that Richardson "intentionally deceived . . . Lambert when Richardson falsely stated to . . . Lambert that [the personal injury plaintiff] was intent on settling the matter for the combined policy limits," plaintiff alleges that "Bjork/Richardson intentionally deceived [decedent] and . . . Lambert in representing to them that the [personal injury action] had been settled within policy limits and that neither [Lambert's] nor [decedent's] personal assets would be exposed." Inasmuch as plaintiff alleges that the attorneys "engaged in intentional deceit" (*Scarborough*, 63 AD3d at 1533), we conclude that plaintiff has alleged sufficient facts to state a cause of action under Judiciary Law § 487.

Defendants further contend that plaintiff's motion should have been denied inasmuch as no damages resulted from the alleged misconduct. In her proposed amended complaint, plaintiff alleges that, as a result of defendants' violation of section 487, decedent was damaged. On this record, we cannot conclude that plaintiff's allegation of damages is patently lacking in merit (*cf. Manna v Ades*, 237 AD2d 264, 265, *lv denied* 90 NY2d 806; *Michalic v Klat*, 128 AD2d 505, 506). In any event, " 'the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court' " (*Carro v Lyons Falls Pulp & Papers, Inc.*, 56 AD3d 1276, 1277), and we see no basis to disturb the court's decision here.

Entered:  June 7, 2013                        Frances E. Cafarell
                                              Clerk of the Court