FTF Lending, LLC v Mavrides, Moyal, Packman & Sadkin, LLP (2022 NY Slip Op 02946)

FTF Lending, LLC v Mavrides, Moyal, Packman & Sadkin, LLP

2022 NY Slip Op 02946

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 153620/20 Appeal No. 15847 Case No. 2021-04304 

[*1]FTF Lending, LLC, Plaintiff-Respondent,
v
Mavrides, Moyal, Packman & Sadkin, LLP, et al., Defendants-Appellants. [And a Third-Party Action.]

Fleischner Potash LLP, New York (Gil M. Coogler of counsel), for appellants.
Lippes Mathias LLP, Buffalo (Tessa R. Scott of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about May 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion under CPLR 3211(a)(7) to dismiss the complaint as against defendant Matthew Weinberger, unanimously affirmed, without costs.
Defendants do not dispute that the complaint, which asserts a cause of action for legal malpractice, sufficiently alleges that Weinberger, an associate attorney, acted negligently while performing legal services on behalf of defendant law firm. Thus, dismissal of the complaint as against Weinberger is not warranted under the Partnership Law (Partnership Law § 26[c][i]; see e.g. Scarborough v Napoli, Kaiser & Bern, LLP, 63 AD3d 1531, 1532 [4th Dept 2009]) or the common-law doctrine of respondeat superior (see Reliance Ins. Co. v Morris Assoc., 200 AD2d 728, 730 [2d Dept 1994]; Jones v Archibald, 45 AD2d 532, 535 [4th Dept 1974]; accord Restatement [Third] of Agency § 7.01 [2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022