Ostrander v Mullen (2024 NY Slip Op 06461)

Ostrander v Mullen

2024 NY Slip Op 06461

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

811 CA 23-00728

[*1]MARK S. OSTRANDER AND CYNTHIA L. OSTRANDER, PLAINTIFFS-APPELLANTS,
v
AARON I. MULLEN, ET AL., DEFENDANTS, AND SCOTT D. MOORE, DEFENDANT-RESPONDENT. 

PAUL A. ARGENTIERI, NORTH HORNELL, FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Steuben County (Kevin M. Nasca, J.), entered April 7, 2023. The order, inter alia, granted the motion of defendant Scott D. Moore insofar as it sought to dismiss the amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant Scott D. Moore insofar as it sought dismissal of the first cause of action against him and reinstating that cause of action against him and as modified the order is affirmed without costs.
Memorandum: In this action sounding in attorney deceit pursuant to Judiciary Law § 487 and intentional infliction of emotional distress, plaintiffs appeal from an order that, inter alia, granted the motion of defendant Scott D. Moore (Moore) insofar as it sought to dismiss the amended complaint against him pursuant to CPLR 3211 (a) (7). This action concerns allegations that Moore, in an attempt to obtain an easement across plaintiffs' property for his nonparty client (client) who is now deceased, used a fraudulent deed in a prior action, withheld discovery tending to show that the deed was fraudulent, and instituted a separate CPLR article 78 proceeding based largely upon the deed.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), [w]e accept the facts as alleged in the complaint as true, accord plaintiff[s] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017] [internal quotation marks omitted]; see Burns v C.R.B. Holdings, Inc., 229 AD3d 1084, 1084-1085 [4th Dept 2024]). " 'Whether a plaintiff can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss' " (Burns, 229 AD3d at 1085, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
We agree with plaintiffs that Supreme Court erred in dismissing the first cause of action against Moore, sounding in violations of Judiciary Law § 487. Judiciary Law § 487 provides, in pertinent part, that "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action." In essence, the statute "imposes liability for the making of false statements with scienter" (Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178 [2020]). However, "Judiciary Law § 487 is not a codification of common-law fraud and therefore does not require a showing of justifiable reliance" (id.; see Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]). Stated another way, "liability under the statute does not depend on whether the court or party to whom the statement is made is actually misled by the attorney's intentional false statement" (Bill Birds, [*2]Inc., 35 NY3d at 178); i.e., the statute "focuses on the attorney's intent to deceive, not the deceit's success" (Amalfitano, 12 NY3d at 14).
Here, plaintiffs alleged in their amended complaint that, from the time he became the client's attorney, Moore engaged in a pattern of conduct whereby he advocated for the validity of a fraudulent deed, and oversaw the revision of fraudulent surveys based upon that deed. Plaintiffs alleged that Moore was in possession of documents and correspondence establishing that the deed was the fraudulent product of the client and defendant Aaron I. Mullen, an attorney who had previously represented the client, and that Moore failed to disclose those items despite receiving a valid discovery demand for them. Plaintiffs also alleged that Moore instituted a CPLR article 78 proceeding based upon the allegedly fraudulent deed and that he attached the deed to the petition. Plaintiffs further alleged that Moore participated in the client's fraud, and did so intentionally and with knowledge of the client's fraud, to plaintiffs' detriment of more than $100,000 in legal fees and expenses. Accepting the facts as alleged in the amended complaint as true and according plaintiffs the benefit of every possible inference, as we must (see Nowlin v Schiano, 170 AD3d 1635, 1635 [4th Dept 2019]), we conclude that plaintiffs' factual allegations with respect to the Judiciary Law § 487 cause of action are sufficient to survive Moore's motion to dismiss, and we therefore modify the order accordingly.
Inasmuch as plaintiffs did not oppose the part of Moore's motion below which sought dismissal of the second cause of action against him, sounding in intentional infliction of emotional distress, plaintiffs' contentions on appeal with respect to that cause of action are not preserved for our review (see Smisloff v Stott [appeal No. 2], 133 AD3d 1331, 1331-1332 [4th Dept 2015]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In addition, plaintiffs abandoned any challenge to the dismissal of their third cause of action by failing to raise any contentions concerning that cause of action in their main brief on appeal (see Tucker v Kalos Health, Inc., 202 AD3d 1505, 1506 [4th Dept 2022]; see generally Ciesinski, 202 AD2d at 984).
Plaintiffs' remaining contentions are academic in light of the foregoing.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court